**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

BRUNO DIAS,

Plaintiff, Case No.:

v.

EQUIFAX INFORMATION SERVICES LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.;
TRANS UNION LLC; and HYUNDAI CAPITAL
AMERICA, INC. D/B/A HYUNDAI MOTOR FINANCE,

Defendants.
_______________________________________/

# COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Bruno Dias (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, Equifax Information Services LLC (hereinafter "Equifax"), Experian Information Solutions, Inc. (hereinafter "Experian"), Trans Union LLC (hereinafter "Trans Union"), and Hyundai Capital America, Inc. d/b/a Hyundai Motor Finance (hereinafter "Hyundai") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC ("Equifax"), Trans Union LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian") (hereinafter collectively "CRAs").

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as Plaintiff is a natural person and resident of Philadelphia, Pennsylvania and Defendants transact business within this District and the violations described in this Complaint occurred in this District.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in Pennsylvania through its registered agent, Corporation Service Company located at 5235 North Front St., Harrisburg, PA 17110.

11. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13. Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the Commonwealth of Pennsylvania through its registered agent, CT Corporation System located at 600 North 2nd St., Ste 401, Harrisburg, PA 17101.

14. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15. Experian disburses such consumer reports to third parties under contract for monetary compensation.

16. Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the Commonwealth of Pennsylvania through its registered agent, Corporation Service Company located at 5235 North Front St., Harrisburg, PA 17110.

17. Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18. Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19. Hyundai is a corporation authorized to do business in the Commonwealth of Pennsylvania through its registered agent, National Registered Agents, Inc located at 600 N. 2nd St, Ste 401, Harrisburg, PA 17101.

20. Hyundai is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

21. Hyundai furnished information about Plaintiff to Equifax, Experian, and Trans Union that was inaccurate.

**FACTUAL ALLEGATIONS**

22. Plaintiff had an auto loan through Hyundai, Acct. Number 2023020217****, opened on or about January 31, 2023.

23. On or about August 28, 2025, Plaintiff's vehicle was stolen and was subsequently declared a total loss.

24. On or about September 22, 2025, Plaintiff received a letter from his insurance carrier, GEICO, explaining the total loss settlement and the "Net Settlement Amount of $11,194.48."

25. On or about September 30, 2025, GEICO paid $11,194.48 toward the remaining balance owed on Plaintiff's auto loan with Hyundai.

26. Plaintiff also carried Guaranteed Asset Protection ("GAP") coverage on the loan, which nearly paid the remaining balance after the GEICO payment. However, because Plaintiff had cancelled the extended warranty associated with the loan, the

GAP coverage did not pay the account in full, leaving a remaining balance of $738.00.

27. However, on or about November 29, 2025, Plaintiff received an email from Hyundai stating that no payment was due on the account ending in 7097 until February 17, 2028, reflecting an amount due of $375.36.

28. Plaintiff received substantially identical emails from Hyundai on or about December 30, 2025, and January 30, 2026, each again confirming that Plaintiff's next payment was not due until February 17, 2028, all with the same amount due of $375.36.

29. On or about March 30, 2026, Plaintiff received another email from Hyundai again representing that his payment was not due until February 17, 2028, but this time reflecting an amount due of $161.09.

30. Plaintiff was aware of the remaining balance and, at all relevant times, intended to pay it in full.

31. Because Plaintiff had recently obtained a new vehicle and did not wish to make payments on two auto loans simultaneously, and in reasonable reliance on Hyundai's repeated representations that no payment was due until 2028, Plaintiff held off on paying the balance, intending to pay it no later than the due date of February 17, 2028.

32. Plaintiff received an email from Hyundai stating that his current amount due was $0.00 and that his next payment due date was February 17, 2028.

33. Plaintiff never received any notice from Hyundai of a 30-day delinquency on the account before discovering it on his credit reports.

34. On or about May 20, 2026, Plaintiff reviewed his Experian credit report and discovered, for the first time, that Hyundai was reporting the account as a charge-off with a 30-day late payment and that his credit score had dropped as a result.

35. Plaintiff had not previously believed any payment was due on the account at that time, given Hyundai's repeated representations described above.

36. Following this discovery, Plaintiff contacted Hyundai directly. A representative informed Plaintiff that his payment was due in December 2025. Plaintiff explained to the representative that he had not been made aware of that due date and had, on the contrary, received multiple emails from Hyundai stating that his payment was not due until February 17, 2028. The representative was unable to provide further assistance.

37. On or about June 5, 2026, Plaintiff mailed detailed written disputes to Equifax (70201810000086508048), Experian (70201810000086507928), and Trans Union (70201810000086508031), disputing Hyundai's inaccurate reporting of the account as a charge-off with a 30-day late payment and provided supporting documentation

including copies of the Hyundai emails representing that no payment was due until 2028, his GAP benefit and payments made to the account.

38. Plaintiff's dispute to Trans Union was not successfully delivered on the first attempt. Plaintiff re-mailed his dispute to Trans Union (9589 0710 5270 3303 4143 59) on or about June 22, 2026.

39. Upon information and belief, Equifax, Experian, and Trans Union each forwarded Plaintiff's dispute to Hyundai for verification.

40. Upon information and belief, Hyundai, Equifax, Experian, and Trans Union each failed to conduct a reasonable investigation into Plaintiff's dispute, and instead merely verified the account as accurate without regard to the documentation and information Plaintiff provided.

41. Trans Union responded to Plaintiff's dispute on or about July 1, 2026, stating that the account had been "verified" and continued to report it as a charge-off.

42. Equifax and Experian did not try to contact Plaintiff regarding his dispute or provide Plaintiff with any results to his dispute within the statutorily required thirty (30) days and upon information and belief, continued to report the account as a charge-off throughout that period.

43. On or about July 30, 2026, Plaintiff pulled updated credit reports from all three CRAs and discovered that the Hyundai account was still being reported as a charge-off by all three, more than thirty (30) days after Plaintiff's disputes were delivered.

44. As of the filing of this Complaint, Equifax, Experian, and Trans Union continue to inaccurately report the Hyundai account as a charge-off, despite Plaintiff's disputes and the documentation he provided demonstrating that any delinquency arose from Hyundai's own conflicting representations regarding the due date of the remaining balance.

45. The CRAs have not conducted an actual investigation despite Plaintiff’s pleas, and upon information and belief, simply continue to parrot off the back of the furnisher, Hyundai.

46. Hyundai has not conducted a reasonable investigation into Plaintiff's dispute despite being placed on notice of the inaccuracy by the CRAs, and, upon information and belief, continues to verify the disputed information as accurate.

47. If at any point during this process, had the Defendants conducted a reasonable investigation in response to Plaintiff’s disputes, the results would have been different.

48. As a direct and proximate result of the conduct, action, and/or inaction of Defendants, Plaintiff has suffered damages, including, but not limited to:

i. Monies lost in attempting to fix his credit, including postage, and wasted time;

ii. Mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life;

iii. Reduction in credit score as a result of Defendants' failure to properly investigate the disputed information;

iv. Delay in applying for personal loans and lines of credit due to fear of denial resulting from Plaintiff's lowered credit score; and

v. Defamation, as Plaintiff's inaccurate credit information has been published to third parties for use in calculating his credit score and evaluating him for credit, including but not limited to FICO and VantageScore, to calculate Plaintiff's credit score, as well as Capital One on 7-28-26 and Discover Card on 7-28-26.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to Defendant, Equifax Information Services LLC (Negligent)**

49. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

50. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

51. Equifax allowed for a furnisher, such as Hyundai, to report inaccurate and erroneous account information to Plaintiff's credit file.

52. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

53. Equifax selects to just parrot the information provided by the furnisher and to avoid conducting reasonable re-investigations.

54. Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence, including documentation showing that Hyundai itself had repeatedly represented to Plaintiff that no payment was due until 2028.

55. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

56. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

57. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, BRUNO DIAS, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT II**
**Violation of 15 U.S.C. § 1681e(b) as to Defendant, Equifax Information Services LLC (Willful)**

58. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

59. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

60. Equifax allowed for a furnisher, such as Hyundai, to report inaccurate and erroneous account information to Plaintiff's credit file.

61. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

62. Equifax selects to just parrot the information provided by the furnisher and to avoid conducting reasonable re-investigations.

63. Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence, including documentation showing that Hyundai itself had repeatedly represented to Plaintiff that no payment was due until 2028.

64. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

65. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

66. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE**,** Plaintiff, BRUNO DIAS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT III**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Negligent)**

67. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

68. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has reason to know is unreliable.

69. Despite the documentation and information provided by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct an independent investigation into Plaintiff's dispute and simply transferred the duty to investigate to the furnisher, Hyundai.

70. Plaintiff provided Equifax with the information it needed to confirm the account's pay status was inaccurate, including documentation of Hyundai's own repeated representations that no payment was due until 2028. Equifax ignored this information and failed to conduct a thorough investigation into his dispute or otherwise make his credit file accurate.

71. As a direct result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

72. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

73. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE**,** Plaintiff, BRUNO DIAS, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

## COUNT IV
## Violation of 15 U.S.C. § 1681i as to Defendant, Equifax Information Services LLC (Willful)

74. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

75. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has reason to know is unreliable.

76. Despite the documentation and information provided by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct an independent investigation into Plaintiff's dispute and simply transferred the duty to investigate to the furnisher, Hyundai.

77. Plaintiff provided Equifax with the information it needed to confirm the account's pay status was inaccurate, including documentation of Hyundai's own repeated representations that no payment was due until 2028. Equifax ignored this information and failed to conduct a thorough investigation into his dispute or otherwise make his credit file accurate.

78. As a direct result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and

apprehension in applying for credit and the damages otherwise outlined in this Complaint.

79. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

80. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, BRUNO DIAS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

## COUNT V
**Violation of 15 U.S.C. § 1681e(b) as to Defendant, Experian Information Solutions, Inc. (Negligent)**

81. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

82. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

83. Experian allowed for a furnisher, such as Hyundai, to report inaccurate and erroneous account information to Plaintiff's credit file.

84. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

85. Experian selects to just parrot the information provided by the furnisher and to avoid conducting reasonable re-investigations.

86. Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence, including documentation showing that Hyundai itself had repeatedly represented to Plaintiff that no payment was due until 2028.

87. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

88. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

89. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, BRUNO DIAS, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

## COUNT VI
## Violation of 15 U.S.C. § 1681e(b) as to Defendant, Experian Information Solutions, Inc. (Willful)

90. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

91. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

92. Experian allowed for a furnisher, such as Hyundai, to report inaccurate and erroneous account information to Plaintiff's credit file.

93. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

94. Experian selects to just parrot the information provided by the furnisher and to avoid conducting reasonable re-investigations.

95. Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence, including documentation showing that Hyundai itself had repeatedly represented to Plaintiff that no payment was due until 2028.

96. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

97. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

98. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE**,** Plaintiff, BRUNO DIAS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's

fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT VII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

99. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

100. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has reason to know is unreliable.

101. Despite the documentation and information provided by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct an independent investigation into Plaintiff's dispute and simply transferred the duty to investigate to the furnisher, Hyundai.

102. Plaintiff provided Experian with the information it needed to confirm the account's pay status was inaccurate, including documentation of Hyundai's own repeated representations that no payment was due until 2028. Experian ignored this information and failed to conduct a thorough investigation into his dispute or otherwise make his credit file accurate.

103. As a direct result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

104. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

105. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, BRUNO DIAS, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-

judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT VIII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

106. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

107. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has reason to know is unreliable.

108. Despite the documentation and information provided by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct an independent investigation into Plaintiff's dispute and simply transferred the duty to investigate to the furnisher, Hyundai.

109. Plaintiff provided Experian with the information it needed to confirm the account's pay status was inaccurate, including documentation of Hyundai's own

repeated representations that no payment was due until 2028. Experian ignored this information and failed to conduct a thorough investigation into his dispute or otherwise make his credit file accurate.

110. As a direct result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

111. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

112. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, BRUNO DIAS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT IX**
**Violation of 15 U.S.C. § 1681e(b) as to Defendant, Trans Union LLC (Negligent)**

113. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

114. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

115. Trans Union allowed for a furnisher, such as Hyundai, to report inaccurate and erroneous account information to Plaintiff's credit file.

116. Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

117. Trans Union selects to just parrot the information provided by the furnisher and to avoid conducting reasonable re-investigations.

118. Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence, including documentation showing that Hyundai itself had repeatedly represented to Plaintiff that no payment was due until 2028.

119. As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from

lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

120. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

121. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE**,** Plaintiff, BRUNO DIAS, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, Trans Union LLC (Willful)

122. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

123. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

124. Trans Union allowed for a furnisher, such as Hyundai, to report inaccurate and erroneous account information to Plaintiff's credit file.

125. Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

126. Trans Union selects to just parrot the information provided by the furnisher and to avoid conducting reasonable re-investigations.

127. Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence, including documentation showing that Hyundai itself had repeatedly represented to Plaintiff that no payment was due until 2028.

128. As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

129. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

130. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, BRUNO DIAS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

## COUNT XI
**Violation of 15 U.S.C. § 1681i as to Defendant, Trans Union LLC (Negligent)**

131. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

132. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff

in the disputes; and (v) relying upon verification from a source it has reason to know is unreliable.

133. Despite the documentation and information provided by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct an independent investigation into Plaintiff's dispute and simply transferred the duty to investigate to the furnisher, Hyundai.

134. Plaintiff provided Trans Union with the information it needed to confirm the account's pay status was inaccurate, including documentation of Hyundai's own repeated representations that no payment was due until 2028. Trans Union ignored this information and failed to conduct a thorough investigation into his dispute or otherwise make his credit file accurate.

135. As a direct result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

136. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

137. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, BRUNO DIAS, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT XII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Willful)**

138. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

139. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has reason to know is unreliable.

140. Despite the documentation and information provided by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct an independent investigation into Plaintiff's dispute and simply transferred the duty to investigate to the furnisher, Hyundai.

141. Plaintiff provided Trans Union with the information it needed to confirm the account's pay status was inaccurate, including documentation of Hyundai's own repeated representations that no payment was due until 2028. Trans Union ignored this information and failed to conduct a thorough investigation into his dispute or otherwise make his credit file accurate.

142. As a direct result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

143. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

144. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, BRUNO DIAS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT XIII**
**Violation of 15 U.S.C. § 1681s-2(b) as to**
**Defendant, Hyundai Capital America d/b/a Hyundai Motor Finance**
**(Negligent)**

145. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

146. Hyundai furnished inaccurate account information to Equifax, Experian, and Trans Union, and through those CRAs to all of Plaintiff's potential lenders.

147. After receiving Plaintiff's disputes, Hyundai violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account information; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Equifax, Experian, and Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the inaccurate information to the consumer reporting agencies.

148. Plaintiff provided all of the relevant information and documents necessary for Hyundai to have identified that the account's charge-off and 30-day-late status were

erroneous, including the emails Hyundai itself sent to Plaintiff repeatedly stating that no payment was due until February 2028.

149. Hyundai knowingly chose to follow procedures which did not review, confirm, or verify that the account's pay status was accurate in light of its own conflicting representations to Plaintiff.

150. Hyundai violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian, and Trans Union after it had been notified that the information it was furnishing was inaccurate.

151. As a direct result of this conduct, action, and/or inaction of Hyundai, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

152. The conduct, action, and inaction of Hyundai was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

153. Plaintiff is entitled to recover costs and attorney's fees from Hyundai in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE**,** Plaintiff, BRUNO DIAS, respectfully requests that this Court award actual damages against Defendant, HYUNDAI CAPITAL AMERICA D/B/A HYUNDAI MOTOR FINANCE; jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT XIV**
**Violation of 15 U.S.C. § 1681s-2(b) as to**
**Defendant, Hyundai Capital America d/b/a Hyundai Motor Finance (Willful)**

154. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

155. Hyundai furnished inaccurate account information to Equifax, Experian, and Trans Union, and through those CRAs to all of Plaintiff's potential lenders.

156. After receiving Plaintiff's disputes, Hyundai violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account information; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Equifax, Experian, and Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the inaccurate information to the consumer reporting agencies.

157. Plaintiff provided all of the relevant information and documents necessary for Hyundai to have identified that the account's charge-off and 30-day-late status were

erroneous, including the emails Hyundai itself sent to Plaintiff repeatedly stating that no payment was due until February 2028.

158. Hyundai knowingly chose to follow procedures which did not review, confirm, or verify that the account's pay status was accurate in light of its own conflicting representations to Plaintiff.

159. Hyundai violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian, and Trans Union after it had been notified that the information it was furnishing was inaccurate.

160. As a direct result of this conduct, action, and/or inaction of Hyundai, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

161. The conduct, action, and inaction of Hyundai was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

162. Plaintiff is entitled to recover costs and attorney's fees from Hyundai in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE**,** Plaintiff, BRUNO DIAS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, HYUNDAI CAPITAL AMERICA D/B/A HYUNDAI MOTOR FINANCE; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Bruno Dias, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, Equifax Information Services LLC; Experian Information Solutions, Inc.; Trans Union LLC; and Hyundai Capital America d/b/a Hyundai Motor Finance, jointly and severally; attorneys' fees and costs; pre-judgment and post-judgment interest at the legal rate; and such other relief the Court deems just and proper.

DATED this 27th day of August, 2026.

***/s/ Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com